IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM P. WARE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:05cv1148-MEF |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Currently pending before the undersigned Magistrate Judge is Plaintiff's Motion and Petition for Authorization of Attorney's Fees Pursuant to the Equal Access to Justice Act (EAJA) (Doc. #18), filed on November 14, 2006.  Upon consideration of the motion, the undersigned RECOMMENDS that the motion be GRANTED in the amount of $1725.00.

Plaintiff William Ware commenced this action on December 6, 2005, (Doc. #1), challenging the Commissioner's final determination denying disability insurance benefits. On September 12, 2006, Magistrate Judge McPherson entered a Recommendation (Doc. #15) that the decision of the Commissioner be reversed and remanded for an award of benefits. As no objections were filed to the Recommendation, Chief Judge Fuller adopted the Recommendation on October 16, 2006, (Doc. #16).  The Court entered Final Judgment in favor of Plaintiff that same day (Doc. #17).

Subsequently, Plaintiff filed a Motion and Petition for Authorization of Attorney's Fees Pursuant to the EAJA, 28 U.S.C. § 2412 (2000).  The motion seeks fees for 13.80 hours

of attorney work at the rate of $125.00 per hour, or $1725.00 in attorney's fees (Doc. #18). On December 6, 2006, Defendant filed a response, indicating that the Commissioner did not contest the award of attorney's fees in the amount sought (Doc. #21).

The EAJA, 28 U.S.C. § 2412, provides a mandatory attorney's fee award to a prevailing party that meets certain statutory conditions. 28 U.S.C. § 2412. Once a plaintiff demonstrates eligibility under the EAJA, the government must pay attorney's fees unless it is able to prove that its position was substantially justified or special circumstances make an award unjust. Specifically, the EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA further provides:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of services furnished, except that . . .
> (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the <u>cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee</u>.

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added).

In this case, the Court concluded that the Commissioner's final determination should be reversed and remanded for an award of benefits (Doc. #15, #16). Correspondingly, the Court entered judgment in favor of Plaintiff, the prevailing party in this suit. See <u>Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship and Immigration Servs.</u>, 452 F.3d 1254, 1257-58

(11th Cir. 2006). The EAJA therefore requires that the Court shall award fees to Plaintiff. Plaintiff moves the Court for 13.8 hours of work in the amount of $125.00 per hour in accordance with the EAJA. The Commissioner does not oppose Plaintiff's request and computation of fees.

Based on the foregoing analysis, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's motion for attorney's fees is GRANTED in the amount of $1725.00. The parties are

DIRECTED to file any objections to this recommendation on or **before June 13, 2007**. Any objections filed must specifically identify the findings in the Recommendation of the Magistrate Judge that are the subject of the objections. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Done this 31st day of May, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE